IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARRY S.[1], | ) |
|          Plaintiff, | ) |
| vs. | ) Case No. 24-cv-1894-SMY |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
|          Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff Garry S. seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits ("DIB") pursuant to 42 U.S.C. § 423.

### Procedural History

Plaintiff applied for DIB in June 2021 and SSI in November 2021 alleging a disability onset date of January 29, 2021 (Tr. 209-20). After the state agency denied his application, Plaintiff appeared at a hearing before an Administrative Law Judge ("ALJ") in May 2023 (Tr. 33-65).

The ALJ denied Plaintiff's application on June 12, 2023 (Tr. 15-27). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency decision subject to judicial review (Tr. 1-6). Plaintiff exhausted administrative remedies and filed a timely Complaint with this Court.

### Issues Raised by Plaintiff

Plaintiff raises the following issues for judicial review:

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed.R.Civ.P. 5.2(c) and the Advisory Committee Notes.

1. Whether the ALJ violated the requirements of SSR 16-3p when he provided a summary conclusion of the medical evidence without analysis and otherwise based his evaluation of Plaintiff's statements on Plaintiff's daily activities, but failed to identify any material inconsistency between Plaintiff's activities and his allegations.

2. Whether the ALJ violated the requirements of SSR 96-8p when he failed to conduct an analysis of Plaintiff's impairments in combination, including obesity, and in particular, failed to address evidence of difficulty sitting, despite finding that Plaintiff could sustain sedentary work.

**Legal Standard**

To qualify for DIB, a claimant must be disabled within the meaning of the applicable statutes. Under the Social Security Act, a person is disabled if he or she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

In determining whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his or her former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. § 404.1520. An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). Thus, the Court is not tasked

with determining whether Plaintiff was disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for substantial evidence, the Court considers the entire administrative record, but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). At the same time, judicial review is not abject; the Court does not act as a rubber stamp for the Commissioner. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

### Decision of the ALJ

The ALJ followed the five-step analytical framework with respect to Plaintiff's application. He found that Plaintiff suffered from the following severe impairments since the alleged onset date of disability: "lumbar spine degenerative disc disease with stenosis, status post posterior spinal fusion L4-L5 and anterior spinal fusion L5-S1, osteoarthritis, bilateral hips, and Class I obesity" (Tr. 17-18). The ALJ further found that none of Plaintiff's impairments or combination of impairments met or medically equaled the criteria of a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1 (Tr. 20-21).

The ALJ determined that Plaintiff had the RFC to do the following:

> [S]edentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can lift/carry 10 pounds occasionally and less than 10 pounds frequently, sit for at least 6 out of 8 hours and stand/walk for about 2 out of 8 hours. He needs to be able to use a cane for ambulating in the workplace 2 to 4 days a month due to higher pain level those days. He can occasionally use the bilateral lower extremities for pushing/pulling and operating foot or leg controls. He should never climb ladders, ropes, or scaffolds, and he can occasionally climb ramps or stairs, crawl, stoop, kneel, and crouch. He should avoid concentrated exposure to vibration,

      temperature extremes of heat and cold, wetness, and dangerous workplace hazards such as exposed moving machinery, unprotected heights, and uneven terrain.

(Tr. 21). The ALJ concluded that Plaintiff was unable to perform his past relevant work as a construction worker but could perform a significant number of other jobs, and as a result, was not disabled (Tr. 25-26).

## The Evidentiary Record

The Court reviewed and considered the entire evidentiary record in preparing this Memorandum and Order. The following summary of the record is directed to the points raised by Plaintiff.

## Evidentiary Hearing

Plaintiff was represented by counsel at his hearing on May 23, 2023 (Tr. 33-65). He testified to the following: Plaintiff was born on August 23, 1979 (Tr. 37). He previously worked as a concrete laborer performing heavy labor work but had to quit his job due to back pain (Tr. 39-41). He has had three lumbar spine surgeries. *Id.* at 43. After his most recent surgery in July 2021, Plaintiff noticed improvement for a month before his back pain returned. *Id.* at 52. Since his last surgery, Plaintiff's pain has gotten worse. *Id.* He described his pain as a 5 out of 10 in severity on most days with some days reaching 8 or 9 out of 10. *Id.* at 45. He is ambulatory, but uses a cane about twice per month due to severe back pain. *Id.* at 44, 51. Plaintiff has numbness and tingling that radiates into his lower extremities. *Id.* at 43. He takes pain medication, uses ice and heat, and stretches to ease the pain. *Id.* at 46. Plaintiff can stand for 30 minutes before needing to sit or lay down. *Id.* at 49-50. He did not believe he could perform a job in which he would be allowed to shift between sitting and standing or a sedentary job because of his need to lie down for at least 2 to 3 hours a day. *Id.* His weekly routine includes driving his son to school, laying in bed, and watching television. *Id.* He can no longer perform household chores, except occasionally

washing dishes (Tr. 50). Plaintiff is unable to do previous hobbies such as fishing, hunting, and riding his 4-wheeler. *Id.* He can still operate a computer, and he posts items for sale on Facebook Marketplace. *Id.* at 55. He is also able to provide selfcare. *Id.*

A vocational expert ("VE") testified at the hearing. The ALJ posed hypothetical questions to the expert that corresponded to the ultimate RFC findings (Tr. 57-64). The VE testified that work exists in the national economy for an individual with Plaintiff's conditions. *Id.*

## Relevant Medical Records

Plaintiff suffers from degenerative disc disease. He had two lumbar surgeries before his alleged onset date of January 29, 2021, and a third surgery in July 2021 (Tr. 588). Plaintiff reported chronic and increasing back pain, despite taking medications as directed in the months before the alleged onset date (Tr. 477, 481).

An MRI of the lumbar spine dated February 19, 2021 showed a previous fusion at the L5-S1 level (Tr. 468-469). There were mild degenerative changes noted throughout the lumbar spine, but nothing significant. *Id.* It was noted that there was no motor weakness and no evidence of neural tension signs and physical exam. *Id.*

Plaintiff underwent a third lumbar surgery in July 2021. He initially reported being highly satisfied and had noted significant symptom relief. But in November 2021, he reported that he was continuing to have low back pain (Tr. 588-589). A physical exam showed Plaintiff had an abnormal gait, sensory deficits, motor weakness, tenderness, and decreased range of motion (Tr. 589). Plaintiff continued to complain of low back pain two months later, but his x-rays showed his spine was stable and spinal hardware was properly placed (Tr. 605-07).

In January 2022, Plaintiff continued complaining of low back and spine pain (Tr. 359-340). He had no incisional or activity restrictions, and x-rays depicted healing at L4-5. His spine was

stable, and the hardware showed no abnormalities. In March 2022, Plaintiff reported the most recent surgery did not help and he now suffered increased pain in his left leg (Tr. 649.) Medication was minimally helpful. *Id.*

In March 2023, Plaintiff complained of chronic right hip pain along with continued low back pain (Tr. 796-97). Imaging studies showed mild degenerative changes of the right and left hip joints; normal height vertebral bodies in the lumbar spine; and mild to moderate disc space narrowing at T12-L1 (Tr. 768-70).

In April 2023, Plaintiff reported his back and bilateral leg pain were now equal in severity; numbness in his legs and feet; and difficulty walking, sitting, and standing (Tr. 790.) However, his physical exam was relatively normal (Tr. 793-94). Plaintiff had lumbar spine spasms and tenderness, along with decreased sensation to light touch in the left anterior thigh, but his deep tendon reflexes were 2+ normal throughout; he had full 5/5 strength in all muscle groups of both legs; and his gait was normal and intact. *Id*

### State Agency Consultants' Opinions

Adrian Feinerman, M.D., found that Plaintiff has suffered from law back pain since 2013 caused by degenerative disc disease, degenerative joint disease, and hypertension (Tr. 623-633). He opined that Plaintiff was able to sit, stand, walk, hear, speak, lift, carry, handle objects, and can handle funds on own behalf. *Id.*

The Disability Determination Services (DDS) non-examining consultants opined Plaintiff was limited to lifting twenty pounds occasionally and could sit and stand and/or walk each for about six hours per workday, among other environmental and postural limitations (Tr. 66-83). Upon reconsideration, DDS consultants affirmed the opinions rendered at the initial stage. *Id.* at 84-101.

## Discussion

The RFC is a measure of what an individual can do despite the limitations imposed by his impairments. 20 C.F.R. § 404.1545(a). It is "a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities," *Id.*, and must be supported by substantial evidence. *Clifford v. Apfel,* 227 F.3d 863, 870 (7th Cir. 2000). An "ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). However, "an ALJ need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion." *Id.* (citing *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008)).

Plaintiff argues the ALJ failed to properly analyze his statements concerning his subjective symptoms and failed to properly analyze the combined effects of his medically determinable impairments in violation of 16-3p and 96-8p. ALJs are required to evaluate a claimant's symptoms through a two-step process. SSR 16-3p. First, the ALJ must "determine whether the individual has a medically determinable impairment ... that could reasonably be expected to produce the individual's alleged symptoms." *Id*. Next, the ALJ must evaluate the intensity and persistence of an individual's symptoms to "determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." *Id*. The court will uphold an ALJ's symptom analysis unless that determination is "patently wrong." *Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022).

Here, the ALJ's evaluation of Plaintiff's subjective symptoms was adequately supported by evidence and explanation. The ALJ sufficiently followed the guidance provided in SSR 16-3p by citing specific observations from objective medical evidence, and considering Plaintiff's

statements and his daily activities. The ALJ cited the medical evidence which established that Plaintiff has mild degenerative changes in his back, exhibited some normal and abnormal gait at various visits, and that his imaging studies showed his spinal hardware was properly placed and his spine was stable. The ALJ acknowledged Plaintiff's testimony that he could no longer do most of his outdoor hobbies but was still able to drive, shop for groceries, and could prepare simple meals and do dishes on a good day. The ALJ reasonably concluded that Plaintiff's activities showed he had functional limitations and could no longer perform his past heavy work, but that the medical evidence supported his ability to perform a reduced range of sedentary work.

While Plaintiff testified that he did not believe he could perform a job in which he would be allowed to shift between sitting and standing or a sedentary job because of his need to lie down for at least 2 to 3 hours a day, the ALJ was not required to believe that testimony in light of the medical evidence to the contrary. Plaintiff's most recent physical examinations were fairly normal and imaging studies have only shown mild changes. The ALJ may rely on conflicts between Plaintiff's testimony and the objective record, as "discrepancies between objective evidence and self-reports may suggest symptom exaggeration." *Getch,* 539 F.3d at 483. Here, the ALJ explained how Plaintiff's allegations were not entirely consistent with the objective medical evidence.

Plaintiff also asserts that the ALJ violated SSR 96-8p which requires an ALJ to describe how specific medical facts and nonmedical evidence support the ALJ's conclusions. *Krug v. Saul*, 846 F. App'x 403, 406-07 (7th Cir. 2021). Again, the Court finds that the ALJ supported his RFC determination with substantial evidence and accurately characterized the medical evidence. The ALJ noted that Plaintiff had two lumbar spine surgeries before his alleged onset date, and a third in July 2021. Although Plaintiff initially reported he was "highly satisfied", by November 2021 he rated his low back pain as a 5 out of 10. The ALJ also noted that Plaintiff continued to complain

of low back pain two months later, but his x-rays showed his spine was stable and spinal hardware was properly placed. Imaging studies showed only mild degenerative changes. Both the DDS consultants and Dr. Feinerman opined that Plaintiff was not disabled. Dr. Feinerman observed that Plaintiff has no anatomic abnormality of any spinal segment or extremity; no limitation of motion in any spinal segment or joint; full 5/5 motor strength; no spasm or atrophy; normal fine and gross manipulation; and a normal sensory exam.

The ALJ reasonably found that the record did not establish Plaintiff was incapable of performing sedentary work. Indeed, the ALJ explained that he limited Plaintiff to that level of exertion (which was more restrictive than the light RFC suggested by the state agency experts) to account for the combined effects of his lumbar spine pain, osteoarthritis of both hips, and level I obesity. No medical opinion in the record indicated greater limitations than those found by the ALJ. When no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error. *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004).

## Conclusion

After careful review of the record, the Court finds that ALJ's findings are supported by substantial evidence. Accordingly, the final decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits is **AFFIRMED**. The Clerk of Court shall enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**DATED: September 18, 2025**

**STACI M. YANDLE**
**United States District Judge**